FILED
FRONT COUNTER

2020 MAR 13  PM 12: 09

# Exhibit 11

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

## AFFIDAVIT OF MICHAEL P. HOUSTON

STATE OF VIRGINIA          )
                                              )§:
COUNTY OF *Fairfax* )

I, Michael P. Houston, being duly sworn deposes and states that;

1. That, I am a resident of Fairfax, Virginia since 1977 and doing business at 12110 Sunset Hills Road, Reston VA 20190;

2. That, I am over eighteen years of age and have personal knowledge of the facts I am stating below;

3. That, I am not a party to this action;

4. That, I am competent to state the following facts based on my personal knowledge;

5. That, I am a Mortgage Banker at Homeside Financial, 12110 Sunset Hills Road, Reston VA 20190;

6. That, from June 1999 to January 2009, I was the owner and president of Premier Mortgage Company, LLC, 12150 Monument Drive, #425, Fairfax, VA 22033;

7. That, on March 9, 2018, at about 11:30 am I met with Mr. William R. Yates and Ms. Esther M. Yates at Newgate Shopping Center, 14120 Lee Hwy, Centreville VA 20120, relative to my signature on a promissory note, dated October 25, 2005 related to property located at 8236 Stoddard Drive Manassas, VA 20110;

8. That at this meeting I was given a copy of a three-page document dated October 25, 2005, entitled "Interest Only Fixed Rate Note", amount of $412,000.00, lender named "Premier Mortgage Company, LLC", and borrower named and signed "Esther M. Yates". A copy of this document is attached as Exhibit A;

9. That on March 09, 2018, I reviewed the Promissory Note dated October 25, 2005 and my findings are as follows:

   a) That, on page 3 of the promissory note, dated October 25, 2005 related to property located at 8236 Stoddard Drive Manassas, VA 20110, the signature written as "Michael P. Houston", in the first stamp on the page is NOT of my

1

signature and was not written with my hand;

b) That, on page 3 of the promissory note, dated October 25, 2005 related to property located at 8236 Stoddard Drive Manassas, VA 20110, the signature written as "Michael P. Houston" by someone other than me is affixed below:

PAY TO THE ORDER OF GEORGE MASON MORTGAGE, LLC
WITHOUT RECOURSE
PREMIER MORTGAGE COMPANY, LLC
BY _Michael P Houston_
MICHAEL P. HOUSTON, PRESIDENT

c) That, I, Michael P. Houston, did not sign and or endorse the original of this promissory note, dated October 25, 2005 related to property located at 8236 Stoddard Drive Manassas, VA 20110 as then President of Premier Mortgage Company, LLC to "Pay to the Order of George Mason Mortgage, LLC without Recourse;

d) That, below are samples of my bona-fide signature which visibly differs from the signature referenced in the promissory note that was not signed by me:

10.   SIGNED UNDER THE PENALTIES OF PERJURY.

Date: March 9\12\ 2018

Michael P. Houston
12210 Fairfax Center
Fairfax, VA 22033
Tel: (703) 927-3219
Email: mikehouston518@gmail.com

2

## VERIFICATION UNDER OATH

STATE OF VIRGINIA        )
                                        )§:
COUNTY OF *Fair Fax*    )

The within named person (Affiant), Michael P. Houston, who is a resident of
*Fair Fax* County, State of Virginia, personally came and appeared before me, the
undersigned Notary Public, on this *21st*, day of March 2018 and makes this his/her
statement, testimony and General Affidavit under oath or affirmation, in good faith, and
under penalty of perjury, of sincere belief and personal knowledge that the following
matters, facts, and things set forth are true and correct, to the best of his knowledge:

Witness my hand and official seal.

Notary Public_____

My Commission Expires on _____*01/31/2019*_____ SEAL

M.Nawaz Raja
Notary Public
Commonwealth of Virginia
7500970
My Commission Expires January 31, 2019

3

# INTEREST ONLY FIXED RATE NOTE

October 25, 2005 [Date]          WOODBRIDGE [City]          Virginia [State]

8236 STODDARD ROAD, MANASSAS, VA 20110
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 412,000.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
**PREMIER MORTGAGE COMPANY, LLC, A VIRGINIA CORPORATION**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.2500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.

I will make my monthly payment on the 1st day of each month beginning on December 1, 2005. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on November 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
12150 MONUMENT DRIVE, #425, FAIRFAX, VA 22033
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 2,145.83 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $ 3,011.42. The Note Holder will notify me prior to the date of change in monthly payment.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

88YATES, WILLIAM          919772

610   106278637   N   001   002

CDO: CW-VA IO FXD NTE-3166-05/04
Conv
INTEREST ONLY Fixed Rate Note - VA
FE-3166(VA) (0301)          Page 1 of 3

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of      15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0000 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

88YATES,WILLIAM                                919772                                                0

Conv
INTEREST ONLY Fixed Rate Note - VA
FE-3166(VA) (0301)                          Page 2 of 3

Initials: 

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ESTHER M YATES                                          -Borrower

_____ (Seal)
                                                       -Borrower

_____ (Seal)
                                                       -Borrower

_____ (Seal)
                                                       -Borrower

*[Sign Original Only]*

This is to certify that this is the Note described in and secured by a Deed of Trust dated    10/25/05
on the Property located in        PRINCE WILLIAM County                    , Virginia.

My Commission Expires: 7·31·08

Notary Public

FAIRFAX County
Commonwealth of
Virginia

PAY TO THE ORDER OF GEORGE MASON MORTGAGE, LLC
WITHOUT RECOURSE
PREMIER MORTGAGE COMPANY, LLC
BY _____
MICHAEL R. HOUSTON, PRESIDENT

→ NOT MY SIGNATURE
MICHAEL HOUSTON

WITHOUT RECOURSE, PAY TO THE ORDER OF
COUNTRYWIDE BANK, N.A.
George Mason Mortgage, LLC
By _____
Teena M. Cogar, Vice President

88YATES,WILLIAM                        919772                                        0

Conv
INTEREST ONLY Fixed Rate Note - VA
FE-3166(VA) (0301)                      Page 3 of 3