UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re:  )
 )
Esther Mammie Yates  )   Case No: 19-13417-BFK
 )
Debtor  )   Chapter 11
 )

### Objection to Claim No. 4-1
### And Memorandum In Support Thereof

NOW COMES, Esther Mammie Yates (the "Debtor"), Pro se, and files this Objection to the Proof of Claim (Claim 4-1, "the Claim") filed by Nationstar Mortgage, LLC ("Nationstar") pursuant to 11 U.S.C. § 502, and Federal Rules of Bankruptcy Procedure ("FRBP") 3001, 3007 and 9014. In support therefore, Debtor respectfully states the following:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1409.

### Parties

3. Esther M. Yates is the debtor in this case. She resides and hold legal title to property at 8236 Stoddard Drive, Manassas, Virginia 20110 (the "Property").

4. Nationstar Mortgage, LLC (d/b/a Mr. Cooper, "Nationstar") is mortgage servicer with principal place of business at 8950 Cypress Waters Blvd., Coppell, TX 75019.

5. U.S. Bank, National Association is terminated trustee of dissolved trust, GSR Mortgage Loan Trust 2006-3F ("GSR MLT 2006-3F") is not the secured party in interest with its place of business at One Federal Street, Third Floor, Boston, MA 02110.

1

6. Darrelyn S. Thomas is debt collector and the attorney at RAS Crane, LLC, 10700 Abbott's Bridge Road, Suite 170, Duluth, GA 30097, that completed the claim form.

## Background

7. The Debtor is joint owner with her husband, William R. Yates, of real estate property at 8236 Stoddard Drive, Manassas, Virginia. The Debtor resides at this property.

8. On June 5, 2017, the Debtor filed for relief under Chapter 13 petition and converted to Chapter 7 petition on Case 17-11921-BFK.

9. In July 2017, the disputed loan was deleted from the Debtor's credit report because Nationstar had no proof that Nationstar or U.S. Bank, NA is the creditor. The Debtor's credit report does not show any mortgage loan. **Ex. A**

10. On September 21, 2017, the Debtor received discharge of her debts in her Chapter 7 petition.

11. Wells Fargo CTSLink site listed GSR Mortgage Loan Trust 2006 -3F as terminated since 2/25/2009. **[Dkt. 43, Ex. 17]**

12. An account manager at Wells Fargo Bank, NA Mortgage Asset Services Groups emailed the Debtor that "the bond position was reduced to zero a while ago". **[Dkt. 43, Ex. 17]**

13. On October 17, 2019 the Debtor filed for relief under this Chapter 11 petition.

14. On Schedule D and Schedule E/F, the Debtor listed claims for the above-referenced property by Undisclosed c/o Nationstar and Undisclosed c/o US Bank NA as contingent, unliquidated and disputed. A copy of Schedule D is annexed hereto as **Ex. "B"** and a copy of Schedule E/F is annexed hereto as **Ex. "C"**.

15. On February 18, 2020, Nationstar filed a Proof of Claim designated by this Court as Claim 4-1 in amount of $759,420.70 for secured real estate property at 8236 Stoddard Drive,

Manassas, VA 20110. The Claim identifies U.S. Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage Pass-Through Certificates, Series 2006-3F ("GSR MLT 2006-3F") as creditor. A copy of Claim 4-1 (Pages 1 to 10) is annexed hereto as **Ex. "D"**.

16.  A Qualified Written Request ("QWR") dated February 24, 2020 was certified mailed by the Debtor to Nationstar Mortgage, LLC ("Nationstar"). A copy of the QWR is annexed hereto as **Ex. "E"**.

17.  A letter dated February 26, 2020 was certified mailed by the Debtor to RAS Crane, LLC (entity that completed the form) requesting missing information on the proof of claim form. A copy of this letter is annexed hereto as **Ex. "F"**.

18.  To date, the Debtor has not received any response to the QWR sent to Nationstar or the letter sent to Darrelyn Thomas, attorney at RAS Crane, LLC.

19.  To date, the Claim has not been amended or withdrawn.

### Factual Allegations and Legal Arguments

20.  **The Claim names two different creditors** - Nationstar Mortgage, LLC is alleged to be the creditor on the Claims Register and Creditor History (**Ex. G**) and U.S. Bank, NA as Trustee for GSR 2006-3F is also alleged to be the creditor in answer to Part 1(1) question on the Claim: "What is the current creditor?".

21.  **The Claim is missing information and documents** - In violation of FRBP 3001(a), the Claim does not meet standard of setting forth a creditor's claim. No answer was given for Part 1(2) question on the Claim: "Was this claim transferred from someone else? If yes, whom?". Failure to answer creates doubt about perfection of the mortgage lien.

3

22. In violation of FRBP 3001(e)(3), the Claim did not attach a statement setting forth the terms of the transfer from MERS to U.S. Bank, as trustee for GSR MLT 2006-3F as alleged in the assignment of deed of trust.

23. In violation of FRBP 3001(b), the Claim was not executed by the creditor or the creditor's authorized agent because the Debtor's evidence shows that U.S. Bank, NA as Trustee for GSR MLT 2006-3F is not the creditor.

24. The "Mortgage Proof of Claim Attachment" annexed to the Claim is based on false claims, therefore violates FRBP 3001(c).

25. **Forged Promissory Note** - In violation of 18 U.S.C. §§152, 157, and 3571, the Promissory Note annexed to Claim 4-1 (Pages 11 to 14) is a false claim of proof due to therein forgeries of Debtor's signature and all indorsement signatures. The lost note notice, two instances of the note, picture of ink-smudged note, expert forensic report, Affidavit by Michael P. Houston, Fairfax County records for Michael P. Houston and Teena M. Cogar are some of the evidence showing that the note annexed to the Claim is forged. **[Dkt. 43, Ex. 6 to Ex. 13]** Michael P. Houston's signature on the note, as the original lender, when he was the original trustee on the deed of trust violates the three-party and impartial third-party deed of trust requirement. *Mr. Houston informed the Debtor that the original trustee on the deed of trust could never legally indorse the note.*

26. **Fraudulent Deed of Trust** - In violation of 18 U.S.C. §§152, 157, and 3571, the Deed of Trust annexed to Claim 4-1 (Pages 15 – 33) is a false claim of proof due to the falsely named lender. The bailee letter on record shows Cardinal Bank, NA ("Cardinal") funded the loan but the deed of trust and the note falsely identify Premier Mortgage Company, LLC as the original lender. **[Dkt. 43, Ex. 5]** Contradictorily, the MERS Member Org ID "1000633" in the

4

MERS MIN (Member Identification Number) on the deed of trust identifies George Mason Mortgage, LLC as the original lender. **Ex. H**

27. **Fraudulent Assignment of Deed of Trust** - In violation of 18 U.S.C. §§152, 157, and 3571, the Assignment of Deed of Trust ("AODT") annexed to Claim 4-1 (Pages 34 & 35) is a false claim of proof due to invalid transfer and misrepresentations. In violation of the deed of trust, MERS assigned the deed of trust (and the note) to U.S. Bank, NA <u>without acting *as nominee* for a named lender</u>. Transfer of the deed of trust for an alleged non-performing or default loan on 8/13/2010, when the trust was closed more than four years before on 3/31/2006, is in violation of the pooling and servicing agreement ("PSA") and New York Trust laws. Dates and signatures of the signor and the notary on the AODT are robo-signed. The MERS record, which should confirm the chain of title, shows "U.S. Bank as Trustee" as the only investor/creditor, and does not match the chain of indorsements on the note. **Ex. I**

28. The fraudulent assignment of deed of trust is evidence that the alleged security interest in the Debtor's property has not been perfected in violation of FRBP 3001(d).

29. **Proof of Claim filed on previously discharged debt** – The debt alleged in the Claim was discharged on September 21, 2017 in the Debtor's Chapter 7 bankruptcy Case 17-11921-BFK. Filing of the Claim in Debtor's Chapter 11 case is a violation of the discharge junction pursuant to 11 U.S.C. § 524(a)(2), is a violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(1) and is sanctionable.

30. The fraudulent note, deed of trust and assignment of deed of trust annexed to the Claim is an attempt to enforce a lien against property of the Debtor's estate, and therefore is a violation of 11 U.S.C. § 362(a)(4) of the Bankruptcy Code.

31. The fraudulent note, deed of trust and assignment of deed of trust annexed to the Claim is an attempt to enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case, and therefore is a violation of 11 U.S.C. § 362(a)(5) of the Bankruptcy Code.

32. The Claim fails to set forth any documentation or other evidence to show that U.S. Bank as Trustee or any party is the current beneficiary under the Trust in conformance with the conveyance and other rules set forth in the Trust.

33. The Claim is not prima facie evidence of the validity and amount of the claim pursuant to 11 U.S.C. 3001(f).

34. Nationstar (allegedly on behalf of U.S. Bank, NA as Trustee for GSR MLT 2006-3F) failed to provide any documentation reflecting a valid security interest in the Debtor's property. All attempts to cure such deficiencies have been without authority, in violation of the terms of the Trust, in violation of law and is fraud upon this Court.

## CONCLUSION

WHEREFORE, and based upon the foregoing, the Debtor requests this Court to disallow/eliminate Claim 4-1 and allow such further relief as the Court deems necessary and proper.

Respectfully submitted this 20th day of March 2020,

*/s/ Esther M. Yates*
Esther M. Yates, Debtor, Pro Se
8236 Stoddard Drive
Manassas, VA 20110
(703) 361-7113

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2020 the foregoing was filed with the Clerk of U.S. Bankruptcy Court, Eastern District of Virginia, and copy of the same was mailed via USPS First class mail postage paid to the following:

John P. Fitzgerald, III
Acting United States Trustee – Region 4
Office of United States Trustee
Jack Frankel, Attorney
1725 Duke Street, Suite 650
Alexandria, VA 22314-3489

GSR Mortgage Loan Trust 2006-3F
RAS Crane, LLC
Attn: Darrelyn S. Thomas
10700 Abbotts Bridge Road, Ste 170
Duluth, GA 30097-8461

Nationstar Mortgage, LLC (d/b/a Mr. Cooper)
8950 Cypress Waters Blvd.
Coppell, TX 75019-4620

U.S. Bank, National Association
One Federal St., Third Floor
Boston, MA 02110-2014

*/s/ Esther M. Yates*
Esther M. Yates, Debtor, Pro Se
8236 Stoddard Drive
Manassas, VA 20110
(703) 361-7113

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

In re:  )
    Esther Mammie Yates  )  Case No: 19-13417-BFK
)
    Debtor  )  Chapter 11
)
Address: 8236 Stoddard Drive  )
    Manassas, VA 20110  )
)

Last four digits of Social Security No: xxx-xx-4624 )

## NOTICE OF OBJECTION TO CLAIM

The above-named Debtor has filed an Objection to Claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated. You should read these paper carefully and discuss them with your attorney, if you have one.**

*If you do not want the Court to eliminate or change your claims, then on or before April 20, 2020, you or your attorney must:*

File with the Court a written response to the objection, explaining your position at:

    Clerk of Court
    United States Bankruptcy Court
    200 S. Washington Street
    Alexandria, VA 22314

[Stamp: US BANKRUPTCY COURT ALEXANDRIA DIVISION 2020 MAR 20 PM 1:30 FILED FRONT COUNTER]

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

You must also send a copy to:

    Esther Yates, Pro Se
    8236 Stoddard Drive
    Manassas, VA 20110

    John P. Fitzgerald, III/Acting United States Trustee – Region 4
    Office of United States Trustee
    Jack Frankel, Attorney
    1725 Duke Street, Suite 650
    Alexandria, VA 22314-3489

1

Attend the hearing on the objection, scheduled to be held on April 28, 2020, at 11:00 a.m. in *Courtroom I, United States Bankruptcy Court, 200 S. Washington St, Alexandria, VA 22314.*

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Date: March 20, 2020

*/s/ Esther M. Yates*
Esther M. Yates, Pro Se
8236 Stoddard Drive
Manassas, VA 20110
Tel: (703) 361-7113

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2020 the foregoing was filed with the Clerk of U.S. Bankruptcy Court, Eastern District of Virginia, and copy of the same was mailed via USPS First class mail postage paid to the following:

John P. Fitzgerald, III
Acting United States Trustee – Region 4
Office of United States Trustee
Jack Frankel, Attorney
1725 Duke Street, Suite 650
Alexandria, VA 22314-3489

GSR Mortgage Loan Trust 2006-3F
RAS Crane, LLC
Attn: Darrelyn S. Thomas
10700 Abbotts Bridge Road, Ste 170
Duluth, GA 30097-8461

Nationstar Mortgage, LLC (d/b/a Mr. Cooper)
8950 Cypress Waters Blvd.
Coppell, TX 75019-4620

U.S. Bank, National Association
One Federal St., Third Floor
Boston, MA 02110-2014

*/s/ Esther M. Yates*
Esther M. Yates, Debtor Pro Se
8236 Stoddard Drive
Manassas, VA 20110
(703) 361-7113

2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
__Alexandria__ Division

In re: **Esther M. Yates**
Debtor(s)

Case No. **19-13417-BFK**
Chapter **11**

Plaintiff(s)

v.

Defendant(s)

Adversary Proceeding No.

*FILED FRONT COUNTER 2020 MAR 20 PM 1:29 — US BANKRUPTCY COURT ALEXANDRIA DIVISION*

### CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: **Objection to Claim 4-1**
Date Document Filed: **3/20/2020**
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

**Esther M. Yates**          **Esther M. Yates**
Name of Pro Se Party (Print or Type)    Name of Pro Se Party (Print or Type)

_____    _____
Signature of Pro Se Party    Signature of Pro Se Party

Executed on: **3/20/2020** (Date)

[2090edva ver. 09/17]